IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal Action No. |
| | ) | 16-00201-01-CR-W-DW |
| ANTWON R. SIMPSON, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION TO
DENY DEFENDANT'S MOTION TO SUPPRESS**

Before the Court is Defendant's Motion to Suppress Evidence. Defendant moves the Court to suppress evidence obtained from the July 25, 2013, search of his vehicle. For the following reasons, Defendant's motion should be denied.

## *I. BACKGROUND*

An indictment was returned on June 28, 2016, charging Defendant with one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Defendant filed a motion to suppress (Doc. No. 22) and the government responded (Doc. No. 26). An evidentiary hearing was then held. The government appeared by Assistant United States Attorney Brad Kavanaugh. Defendant was present, represented by appointed counsel Carie Allen. The government called the following witnesses to testify: Kansas City, Missouri Police Department Sergeant Brad Dumit; Kansas City, Missouri Police Department Detective William Hooley; Kansas City, Missouri Police Department Officer Todd Templeton[1]; Overland Park,

---

[1] Todd Templeton held the rank of "Sergeant" when he testified at the suppression hearing. On the date of Defendant's arrest, however, he was an officer with the Kansas City, Missouri Police Department (Tr. at 42). He will, therefore, be referred to as "Officer Templeton" in this Report and Recommendation.

1

Kansas Police Department Officer Craig Enlow; Kansas City, Missouri Police Department Detective Greg Harmon; and Kansas City, Missouri Police Department Detective Troy Schwalm. Investigator Julie Eilers testified on behalf of Defendant. The following exhibits were admitted into evidence:

|  |  |
|---|---|
| Government's Exhibit 1: | Kansas City, Missouri Police Department Towing Policy; |
| Government's Exhibit 2: | Kansas City, Missouri Police Department Evidence and Property Report; |
| Government's Exhibit 3: | Kansas City, Missouri Police Department Tow-In Report; |
| Government's Exhibit 4: | Photograph of firearm and magazine; |
| Government's Exhibit 5: | Photograph of firearm's serial number; and |
| Defendant's Exhibit 1: | Spencer Hays' driver record. |

## *II. EVIDENCE*

On the basis of the evidence presented at the suppression hearing, I submit the following findings of fact.

1. Kansas City, Missouri Police Department Sergeant Brad Dumit is a supervisor in the Vice Unit (Tr. at 3). In that role, he has participated in hundreds of undercover prostitution operations at hotels and motels in the Kansas City metropolitan area (Tr. at 4). Prior to conducting an undercover operation, it is typical to speak with management of the property to establish an understanding of what will take place including disposition of the vehicle of individuals who are arresting during the operation (Tr. at 4). Management typically requests that the vehicles be removed from their property (Tr. at 5).

2. On July 25, 2013, Sergeant Dumit supervised an undercover prostitution operation at the Crescent Hotel, located at 5701 Longview Road in Kansas City, Missouri (Tr. at 5, 29, 43, 55, 62). Management of the hotel was made aware of the operation in advance (Tr. at 6, 21). Management did not want vehicles left in the hotel's parking lot after arrests had been

made and requested that the vehicles be towed so they did not take space from other patrons (Tr. at 7, 21, 29).

3. During the course of the operation, Defendant was observed to have driven Morgan Clark to the Crescent Hotel and dropped her off in the parking lot (Tr. at 7, 24-25, 56-58). Ms. Clark went to Room 706 and agreed to perform sexual acts with an undercover officer in exchange for $200 (Tr. at 22). She was charged with prostitution and released (Tr. at 64, 66).

4. Kansas City, Missouri Police Officer Todd Templeton performed a car check on Defendant's vehicle (Tr. at 45, 51). Defendant was subsequently arrested for operating a vehicle with a suspended license and promoting prostitution (Tr. at 7-8, 26-27, 47, 53). When verifying Defendant's identity, law enforcement also learned Defendant was on supervised release out of the District of Kansas for unlawful use or carry of a firearm in relation to a drug trafficking crime (Tr. at 2, 47).

5. A search of Defendant's person was conducted incident to his arrest (Tr. at 27, 47). Officers recovered identification cards for Morgan Clark and Spencer Hays (Tr. at 28, 47).

6. A passenger, Spencer Hays, was lying down in the back seat of Defendant's vehicle (Tr. at 15, 45, 53). Law enforcement did not have knowledge that Ms. Hays was intoxicated (Tr. at 15-16, 53). They also believed Ms. Hays to be an adult (Tr. at 16, 52). Ms. Hays was released from the scene without being arrested (Tr. at 37, 52). Officer Templeton testified Defendant's vehicle could have been released to her (Tr. at 52).

7. Julie Eilers, an investigator at the Federal Public Defender's Office, testified Ms. Hays told her that she asked law enforcement at the scene if she could drive Defendant's vehicle home (Tr. at 75-76). Ms. Hays was told she could not because the vehicle was under police

possession (Tr. at 76). At the time, she had a valid driver's license (Tr. at 77-78; Def. Exh. 1).

8. Following Defendant's arrest, and pursuant to the agreement with Crescent Hotel's management, officers decided to tow Defendant's vehicle (Tr. at 8, 28-29, 48-49). Detective Hooley and Officer Templeton performed an inventory search of the vehicle before it was towed and recovered a loaded Springfield Armory Model XD40 .40-caliber pistol from the driver's side floorboard (Tr. at 9, 30, 32, 33-34, 49-50; Gvt. Exh. 4; Gvt. Exh. 5).

9. Detective Hooley completed an Evidence and Property Report and a Tow-In Report after inventorying Defendant's vehicle (Tr. at 31; Gvt. Exh. 2; Gvt. Exh. 3).

10. The General Towing Requirements of the Kansas City, Missouri Police Department's standard towing policy provides, in relevant part:

> A. Vehicles will be towed when the vehicle is known or believed to have been used in the commission of a crime and has evidentiary value, unless it is processed at the scene and can be released to the owner/operator.
> B. In the officer's discretion, vehicles may be towed when:
>
> . . .
>
> 6. Any vehicle is parked on private property or upon an area developed as an off-street parking facility without the consent of the owner, lessee or person in charge of any such property or facility, and upon complaint to the police department the owner, lessee or person in charge of such property or facility, and a summons has been presented to the owner or operator or affixed to the vehicle.
>
> . . .
>
> C. In lieu of towing the vehicle, officers also have discretion to allow an arrested owner/operator to accept one (1) of the following three (3) options:
>
> . . .
>
> 2. With the owner/operator's permission, the vehicle may be released to any passenger or other person who is not intoxicated.
>
> . . .

(Gvt. Exh. 1). This policy was in effect on July 25, 2013 (Tr. at 10).

11. The towing policy also requires that officers conduct an inventory of any vehicle

4

that is to be towed unless otherwise instructed by a supervisor (Tr. at 9; Gvt. Exh. 1).

### III.    LEGAL ANALYSIS

Defendant seeks suppression of evidence obtained as a result of the July 25, 2013, search of his vehicle on grounds of a Fourth Amendment violation.  He does not challenge the preceding investigatory car check, and rightly so as law enforcement had observed Defendant drive Ms. Clark to the Crescent Hotel where she met an undercover officer and was charged with prostitution.  See United States v. Baldenegro-Valdez, 703 F.3d 1117, 1125 (8th Cir. 2013)("An investigatory stop does not violate the Fourth Amendment if the police have reasonable suspicion that the vehicle or its occupants are involved in criminal activity.").  Rather, Defendant's challenge stems from his belief that the "towing and search of his vehicle was not conducted pursuant to any standardized departmental policy, but instead was an exploratory search for evidence of criminal activity."  Defendant specifically argues that his vehicle was legally parked at the Crescent Hotel and that, even if it were not, Ms. Hays had a valid driver's license and could have moved the vehicle.  Well-established Eighth Circuit law forecloses this argument.

A search by law enforcement must be conducted pursuant to a warrant in order to be "reasonable" under the Fourth Amendment unless one of the "few specifically established and well-delineated exceptions" to the warrant requirement exists.  United States v. Marshall, 986 F.2d 1171, 1173 (8th Cir. 1993)(quoting Mincey v. Arizona, 437 U.S. 385, 390 (1978)); see also U.S. CONST. amend. IV.  One such exception is an inventory search.  Id. at 1173-74.  See also United States v. Kennedy, 427 F.3d 1136, 1143 (8th Cir. 2005)("Police may conduct a warrantless search of a lawfully-impounded vehicle even in the absence of probable cause."). "The central question in evaluating the propriety of an inventory search is whether, in the totality

of the circumstances, the search was reasonable." United States v. Hall, 497 F.3d 846, 851 (8th Cir. 2007)(quoting Kennedy, 427 F.3d at 1143). "Inventory searches that are 'conducted according to standardized police procedures' are reasonable." Id. (quoting Kennedy, 427 F.3d at 1143). See also United States v. Garreau, 658 F.3d 854, 857 (8th Cir. 2011). "The requirement that officers follow standard procedure in conducting inventory searches does not foreclose the use of some discretion by officers 'so long as that discretion is exercised according to standard criteria and on the basis or something other than suspicion of evidence of criminal activity.'" Hall, 497 F.3d at 851 (quoting Colorado v. Bertine, 479 U.S. 367, 375 (1987)).

In this case, law enforcement conducted the search pursuant to the Kansas City, Missouri Police Department's standard towing procedure. Defendant had been arrested and taken into custody for operating a vehicle with a suspended license and promoting prostitution. The officers had previously agreed to tow the vehicles of individuals who had been arrested to allow ample spots for other Crescent Hotel patrons. Section B(6) of the Kansas City, Missouri Police Departments towing procedure thus permitted the vehicle to be towed from the Crescent Hotel's parking lot. United States v. Arrocha, 713 F.3d 1159, 1164 (8th Cir. 2013)(quoting United States v. Martin, 982 F.2d 1236, 1240 (8th Cir. 1993))( involving agreement with business to tow vehicles of arrested individuals that were left in its parking lot and stating, "Police may take protective custody of a vehicle when they have arrested its occupants, even if it is lawfully parked and poses no public safety hazard."). Additionally, the Fourth Amendment does not require law enforcement "to allow an arrested person to arrange for another person to pick up his car to avoid impoundment and inventory." Arrocha, 713 F.3d at 1164 (quoting United States v. Agofsky, 20 F.3d 866, 873 (8th Cir. 1994)). See also United States v. Schackleford, No. 14-00097-CR-W-GAF, 2014 WL 7336226 at *6 (W.D. Mo. Dec. 22, 2014). The fact that Ms.

6

Hays was available to take possession of the vehicle does not invalidate this otherwise valid inventory search.

## IV. CONCLUSION

For the above-stated reasons, it is

RECOMMENDED that the Court, after making an independent review of the record and the applicable law, enter an order denying Defendant's motion to suppress.

Counsel are advised that, pursuant to 28 U.S.C. § 636(b)(1), each has fourteen days from the date of this report and recommendation to file and serve specific objections to the same, unless an extension of time for good cause is obtained. Failure to file and serve timely specific objections may result in waiver of the right to appeal factual findings made in the report and recommendation which are accepted or adopted by the district judge except upon the ground of plain error or manifest injustice.

*/s/ Robert E. Larsen*
ROBERT E. LARSEN
United States Magistrate Judge

Kansas City, Missouri
April 20, 2017