IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 16-00201-01-CR-W-BP |
| | ) | |
| ANTWON R. SIMPSON, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER ADOPTING MAGISTRATE JUDGE'S RECOMMENDATION AND DENYING DEFENDANT'S MOTION TO SUPPRESS

Defendant has been indicted on one count of being a felon in possession of a firearm. He filed a Motion to Suppress, (Doc. 22), arguing that the search of his car that resulted in the discovery of the firearm violated his rights under the Fourth Amendment. On April 20, 2017, the Honorable Robert E. Larsen, United States Magistrate Judge for this District, issued a Report, (Doc. 38), recommending that the undersigned deny the Motion to Suppress. A district judge must "make a de novo determination of those portions of the report or specified proposed findings or recommendation to which objection is made," 28 U.S.C. § 636(b)(1), but neither party has objected to Judge Larsen's Report and Recommendation and the time for doing so has passed. Accordingly, Judge Larsen's Report is adopted as the Order of the Court, and the analysis need only be summarized here.

Officers from the Kansas City Police Department, ("KCPD") were conducting an undercover prostitution investigation at a hotel. Defendant was arrested for (1) driving with a suspended license and (2) promoting prostitution (by driving a prostitute to the hotel), and Defendant does not challenge the propriety of his arrest. Based on a prior request from the hotel, KCPD towed the cars of those arrested off the premises, but before doing so – and in accordance

with KCPD policies – an inventory search was conducted. The firearm giving rise to Defendant's charge was found during the inventory search conducted before the car was towed.

In his Motion to Suppress, Defendant argued that the inventory search was improper because (1) Defendant's car was lawfully parked in the hotel's parking lot and (2) there was a passenger on the car who could have driven the car from the premises. The Court agrees with the Report's conclusion that both arguments have been rejected by the Eighth Circuit. A vehicle legally parked on private property may be inventoried and towed where the property owner (here, the hotel) desired the removal of cars left by arrested individuals. *United States v. Arrocha,* 713 F.3d 1159, 1163 (8th Cir. 2013). In addition, KCPD was not required to allow Defendant to arrange for another person to take his car. *See id. at* 1164.[1] Defendant also argued that "the status and extent of the inventory exception has been placed into great doubt by the Supreme Court's holding in *Arizona v. Gant,* 556 U.S. 332 (2009)." (Doc. 22, p. 4.) However, the Supreme Court has not applied *Gant* to inventory searches and the Eighth Circuit has rejected the suggestion that *Gant* undermines the inventory search exception to the Fourth Amendment. *United States v. Frasher,* 632 F.3d 450, 454-55 (8th Cir. 2011). Therefore, and given the lack of an objection from the parties, the Court (1) adopts Judge Larsen's Report as the Order of the Court and (2) denies Defendant's Motion to Suppress.[2]

**IT IS SO ORDERED.**

/s/ Beth Phillips
BETH PHILLIPS, JUDGE
DATE: May 9, 2017       UNITED STATES DISTRICT COURT

---

[1] In addition, the Government raised a hearsay objection to the investigator's testimony that the passenger in defendant's car wanted to drive the car away from the scene. (Doc. 35, pp. 74-76.) The Court believes this objection is meritorious.

[2] The Court acknowledges the Government's alternative argument that the search can be justified under the automobile exception to the Fourth Amendment, (*see* Doc. 43, p. 1, n.1), but in light of the Court's holding there is no need to consider this argument.